The Chancellor.
In compliance with the directions contained in a decree made in tliis cause by the Court of Appeals, commissioners were appointed to make partition of the real estate, whereof partition is sought by the complainant’s bill to be made among the owners and proprietors, according to their respective rights. And in case the commissioners should be of opinion that such partition could not be made without great prejudice to the interest of the owners and proprietors, they were directed to partition and set off to David S. Manners, one of the defendants, the one twentieth part thereof in value; or if they should be of opinion that such last mentioned partition to Manners could not be made without great prejudice to the owners and proprietors, that they should so report to this court, so that the court might then make such order for the partition or sale of the said real estate, or of any part thereof as should appear equitable and just.
*482 The commissioners have reported that such partition cannot he made of the said real estate among all the owners and proprietors, nor can a partition of one twentieth part thereof in value be made to the said Manners without great prejudice to the owners. To this report Manners objects, and has filed exceptions to the report of the commissioners. The only question now presented is a matter of practice. In what form should the objections of the defendant to the report be presented? The defendant insists that the only proper form of objection is to file exceptions, and to set them down for hearing and argument at the next term of the court, in conformity to the practice in case of exceptions to the report of a master. In support of this position, counsel cite and rely upon 3 Daniell’s Oh. Frac. 1337, where it is said that “ exceptions may be taken to the report of the commissioners in the same manner as excejotions to the master’s report.” Neither of the authorities cited support the language of the text; on the contrary, in one of the cases cited, it was ruled that exceptions will not lie to the.return of commissioners in a suit for partition on the ground of inequality of value in the lots. Jones v. Totty, 1 Sim. 136; Corbet v. Davenant, 2 Bro. C. C. 252.
And in the case of The Dean and Chapter of the Cathedral Church of Hereford v. Hullet, 6 Price 332, it was held that it is not the practice of the Oourt of Exchequer, on the return of the certificate of commissioners appointed to ascertain lands, <fec.,, to move to confirm that return or to file exceptions.
The practice, nevertheless, at least in the Oourt of Chancery, appears to be, as stated by Daniel, to file exceptions to the report of the commissioners. It so appears from Watson v. The Duke of Northumberland, 11 Vesey 153, and Manners v. Charlesworth, 1 Mylne & K. 330.
These authorities, however, all refer to the final report of the commissioners of the making of the partition, and have no application to the report (made under the practice in this state), that partition cannot be made without prejudice to *483 the interests of the owners and proprietors. In the English practice there is no power of sale where the lands cannot be divided without prejudice. The lands must be partitioned, however groat may be the prejudice to the interests of the owners. The power of decreeing a sale upon a bill filed for the partition of real estate was first conferred upon this court by the act of 1846. Nix. Dig. 606, § 26.
Ho practice upon the subject seems to have been settled, nor have I been able to find any case where the subject has been under consideration by the court. It is not questioned that any party dissatisfied with the report is entitled to object, and to have his objections heard and considered by the court. It may be admitted, too, that it is desirable to have the objections in writing. The only question is, should they assume the shape of formal exceptions, as in the case of a master’s report. An obvious and decided objection to this course is the unavoidable delay which it involves. The exceptions must be set down for hearing at the next term. It is eminently desirable in all partition cases that there should be no unnecessary delay, and that the objections should be disposed of promptly.
There is nothing in the general practice of the court rendering exceptions necessary. In strictness, exceptions in Chancery are limited to answers and to reports of masters. Hindes’ Chan. Dr. 269.
Hor can exceptions be taken to every report of a master. Thus, where a report is made under an order of reference to the master, to inquire and state his opinion whether an infant is a trustee or mortgagee, within the statute 7th A nne, to approve of a guardian, or of securities to make an allowance for maintenance, and the like. Exceptions do not lie to such reports, but the matter will be brought before the court upon notice or petition, will be heard summarily, and the report confirmed, varied, or set aside, as may appear proper. Price v. Shaw, 2 Dick. 732; Ex parte Nicholls, 1 Bro. C. C. 577; 2 Mad. Ch. Pr. 509.
In many cases the form of proceeding by exception would *484 be totally inapplicable. If the commissioners, or either of them, had been disqualified to act, or had been guilty of corruption or other abuse in the discharge of their office, or had exceeded their authority, the course would clearly be to set aside the report. If the truth of the objection be established, the report as of course would be set aside. Why should such an objection be made the matter of exceptions to be set down for hearing and formally argued ?
The nature of the report of the commissioners shows that exceptions are inapplicable. They report that, in their opinion, a partition of the land cannot be made without great prejudice to the owners of the same. It is a matter of opinion upon the simple question of fact, whether the lands . can or cannot be partitioned without prejudice to the owners. The commissioners are not ordinarily required to report the reasons for their opinion. In proceedings for partition under the statute it is never done. The commissioners view and examine the premises, and from such view they form their judgment whether a partition will be prejudicial to the interests of the owners. That is the simple question that the court, where either of the parties is dissatisfied with the result, will be called on to consider. Now the design of an exception is to point out the particular matter wherein the report is erroneous or defective. But it can manifestly perform no such office where the party complains that the commissioners have erred in opinion. It is upon this ground that where a decree pro confesso is taken, and there is a reference to a master to ascertain and report whether, in his opinion, a partition of the land can be made without prejudice to the owner of the same, no exceptions in writing are allowed to the report. Rule 23.
I think there is no necessity for filing exceptions to the report of the commissioners, and no propriety in such course. The proper practice is for the complainant, the report being filed, to apply for a decree for sale. Notice of this application will be given, and the party feeling aggrieved by the *485 report will then have an opportunity of presenting his objections in opposition to the decree for sale.
Zabrislcie, for complainant.
Vroom, for Manners.
The defendant in this case having filed his exceptions, they will be received as written objections to the report, but will not be regarded as technical exceptions.
In compliance with the foregoing views, the cause was, by consent of counsel, set down for argument upon the complainant’s motion for decree, and the defendants’ objections thereto, on the fifth of September, 1862, upon which day the cause was heard.
The Chancellor.
By a decretal order in this cause, bearing date on the second day of February, 1859, it was referred to one of the masters of the court to ascertain the truth of the allegations of the complainant’s bill, and to report the right, title, and interest of the parties severally in the premises. And it was further ordered that the master should inquire and report whether the said lands and premises, property and rights of property, in the bill of complaint mentioned and described, were so circumstanced that a partition thereof could be made without great prejudice to the owners of the same. The master, by his report, bearing date on the thirteenth of October, 1860, reported the right and interest of the respective parties in the premises, and that the said premises were so situate that a partition thereof could not be made between the parties interested therein without great prejudice to the owners thereof, and that a sale thereof was expedient and necessary. Testimony was thereupon taken in support of and against the report of the master. At the term of February, 1861, the cause was elaborately argued upon the evidence, and this court being of opinion, upon the evidence, that a partition could not bo *486 made among the owners and proprietors of the land without great prejudice to their interest, on the eighth of August, 1861, a decree was made directing the premises to be sold. Erom this decree David S. Manners, one of the defendants and the owner of one twentieth of the said land, appealed.
The Court of Appeals, at March term, 1862, ordered, adjudged, and decreed as follows r “The court not being satisfied by the proofs that the land and real estate whereof partition or sale is prayed by the bill cannot be partitioned among the owners and proprietors without great prejudice to their interest and without great loss in the value of the property, this court now order and direct that the decree of the Chancellor be reversed, and that the cause be remitted to the Court of Chancery, to the end that the said court may order a commission of partition to be issued to three commissioners, to be, designated by the said court, for the partition of said lands and real estate among the owners and proprietors, according to their respective rights and interests therein; or, in case they shall be of opinion that such partition cannot be made without great prejudice to the said owners and proprietors, that they so- report to the said Court of Chancery, so that the áaid court may make such order for the partition or sale thereof, or of any part thereof, as to the said court shall then appear to be equitable and just; and that the said Court of Chancery may make such further direction in regard to the- encumbrances, and the costs and expenditures incurred in relation to said property, or in other respects, as to the said court may appear to, be necessary and just.”
In compliance with the directions of this- order commissioners were appointed, who have reported that a partition cannot be made, in either form, without, great prejudice to the owners and proprietors. The complainants now ask a. confirmation of the report and a decree for sale.
It seems not improbable, from the peculiar character of the decree made by the Court of Appeals, that the failure to appoint commissioners in the' first instance was regarded by *487 that tribunal as an unwarranted departure from, the practice of the court. It may be reasonably inferred that It appeared to the appellate tribunal that a property so considerable in value should not be sold against the consent of any one of the owners, unless upon evidence entirely satisfactory that a partition could not be made without prejudice to the owners; and that the most satisfactory evidence upon this point would be the report of competent commissioners, by whom the property should be viewed, and its nature, situation, and circumstances carefully examined and considered. In that view, as a general principle, I fully concur. The order to refer to a master in this case was not made in accordance with the rule of practice. A reference to a master is authorized only in case of a decree pro eonfesso. But the parties proceeded before the master without objection, and as may fairly be presumed by consent. The master reported that a partition of the premises could not be made without prejudice to the owners-.
No request was then made for the appointment of commissioners, but the parties proceeded to take testimony, and the cause was heard by consent upon the evidence thus taken, without a suggestion upon either side that a commission was desired, or that the course pursued was not entirely satisfactory to. both parties. Eour years had then elapsed since the filing of the bill, and to have turned the parties round upon a question of practice, where neither party desired it, would not have been in accordance with the practice of the court. Nor could it have been promotive of the ends of justice, whore the court entertained no doubt that the report of the master was in strict accordance with the truth of the case.
Where a partition has been actually made by commissioners, the court, by its well settled practice, interferes with their action with groat reluctance. It is only where a clear mistake has been made that their proceedings will be interfered with.
The reason of this course of practice is applicable to the motion now under consideration.
*488 No merely formal objections to the report of the commissioners can prevail. The simple inquiry is, whether the premises can be partitioned in either of the modes designated in the commission without great prejudice to the interest of the owners.
When this question was before me on a former occasion, I examined the evidence with much care, and I was then entirely satisfied that a partition could not be made without great prejudice to the owners’ interests. In deference to the views of the Court of Appeals, I have re-examined the question in the light of the additional evidence taken before the commissioners, and I see no reason to change the opinion I formerly entertained and expressed. On. the contrary, the views of the commissioners have confirmed that opinion.
But if I entertained different views, or if the evidence taken before the commissioners had tended in any degree to shake the opinion previously expressed, I should not have felt at liberty, under the very peculiar circumstances of this case, to disturb the report. The commissioners were not appointed to satisfy the conscience of this court, or from any doubt that was entertained here as to the right of the case. The case was disposed of on the ground that the evidence was entirely satisfactory. But the conscience of the Court of Appeals was not satisfied. They were not willing to rest, either upon the report of the master, the decision of this court, or even upon their own judgments,- ujdou the evidence in the cause, but selected a commission, as more worthy of confidence or better qualified to determine the question at issue. No objection has been suggested to the character or qualifications of the commissioners, or to the mode in which their duties have been performed. The commission was composed of gentlemen of high character and intelligence. One of them an experienced master in Chancery, another a civil engineer of eminent ability, and the third a gentleman who has occupied a seat in the highest judicial tribunal of the state, and who has shared largely the confidence of his fellow citizens. All of them are gentlemen of unquestioned *489 integrity. Their decision has manifestly been formed upon the most careful consideration of the case, and bears intrinsic evidence of fairness and impartiality.
Under such circumstances, it would neither be respectful to the Court of Appeals, nor in itself judicious or expedient, whatever might be the views of this court, to disturb the report of the commissioners. If the commissioners had proceeded to make partition, their action would have been conclusive as to the expediency and propriety of that course of action, and equally conclusive upon the mode of making the partition, unless an error is clearly shown. Partition is a matter of right, and by the ancient practice, both at law and in equity, the partition was made, however prejudicial it might be to the interests of the parties. Parker v. Gerard, Ambler 136; Warner v. Baynes, Ambler 589; Turner v. Morgan, 8 Vesey 142.
It was to remedy this evil that our statute of 1816, (Pev. Paws 597), where the commissioners reported that a partition could not be made without great prejudice, authorized the court to direct a sale of the land; and by the act of 1846 the same power was conferred upon this court upon bills filed for partition. Nix. Big. 577, § 26.
Under the statute, where a partition cannot be made without prejudice, the complainant is entitled as of course to have a sale made of the premises. The idea, that because the property is of so large a value that no one individual can buy it, and that it must therefore be held by several as tenants in common, would (if true in point of fact) constitute no objection to a partition. The law recognises no such distinction. All real estate, however valuable, except castles, which were necessary for the defence of the realm, were liable to partition at common law. The operation of the statute is equally broad.
Still more untenable is the pretext, that no sale can be made because one of the tenants objects on the ground that he is not capable alone of purchasing the entire premises, and therefore his interest may be sacrificed by a combination *490 among his associates. This objection might be urged with some semblance of plausibility of minor children, who have neither the means nor the capacity, and whose estates are daily sold on applications for the partition of real estate of which their ancestor died seized. No doubt cases of hardship and actual injustice do often occur in the execution of the law, but it constitutes no valid objection against the execution of the statute.
The pretext which is set up by the defendant, Manners, in his answer, and to which a large portion of the evidence is very unnecessarily devoted, if it were not effectually met and negatived by the evidence, is in itself so senseless as to be unworthy of serious attention. ■
It is in the last degree improbable that men of wealth and business capacity, as most of these parties are acknowledged to be, having made heavy investments 'in a great enterprise requiring skilful management, and promising, under judicious and united counsels, large returns, should combine to oppress and defraud one of their associates, and thereby defeat their enterprise or seriously imperil its success. It is far more probable that one of the parties in interest, a man of wealth and influence, by thwarting the projects of his associates, and refusing to unite in any feasible scheme of improvement, might hope to profit by their loss, and compel them, for their own protection, to purchase his interest at an exorbitant valuation. The latter theory is within the bounds of credibility. The former challenges the utmost credulity.
I have adverted to this aspect of the case simply because it appears to be a favorite idea of Manners, the defendant, that he is an object of persecution by all his co-tenants, and that the sole design of the sale is to sacrifice his interests. He is, I am persuaded, a man of too much sense to believe the theory himself, and it is setting a light value upon their intelligence if he expects to impose it upon others.
There is, in my judgment, much force in the closing suggestion of the commissioners, that some consideration is due to the judgment and wishes of the owners of nineteen twen *491 tieths in value of the property in question. It is scarcely just or reasonable that the judgment or interest of one man should control the judgments and interests of nineteen others having equal interests at stake.
I find nothing in the objections, and am of opinion that the complainants are entitled to a decree for sale.
Hote. — The remaining Chancery cases of May term, 1862, will appear in the next volume.