HORACE BROWN et al., infants, by next friend,

*v.*

WILLARD M. GARTON et ux.

[Decided July 31st, 1916.]

Partition is a matter of right only when the complainant is *sui juris*. No one has a right to file a bill for partition as next friend of an infant unless it is made to appear upon the face of the bill that partition or sale of the premises would operate for his benefit; and, if such allegation be made, the reference master will be required to take testimony and report whether or not such partition or sale would operate to the benefit of the infant complainant.

On application for order of reference.

*Mr. George M. Bacon,* for the complainants.

WALKER, CHANCELLOR.

The bill is for partition, or sale if actual partition should be found to be impracticable. The complainants are Horace Brown, an infant of the age of seventeen years, and John Brown, an infant of the age of eleven years. The bill was preferred and filed by Della C. Dare, as their next friend. It avers that the complainants are each seized of, and entitled to, one-fourth part of the premises, and that their uncle, Willard M. Garton, is seized of the remaining one-half. He and his wife are the only defendants. Process of subpoena was issued and returned duly served upon the defendants, who have not answered, and application is now made for an interlocutory decree and order of reference to a special master to ascertain and report upon the right, title and interest of the respective parties in the premises, and whether the lands and real estate described in the bill are so situate that a partition thereof can be made without great prejudice to the owners, and in case such parti-

tion cannot be made, then to ascertain and report whether in case of sale of the premises the inchoate right of dower of Garton's wife should be sold, &c.

There appears no justification for Della C. Dare having filed this bill on behalf of the infant complainants, and, therefore, the application for a reference to a master will be denied.

While the court of chancery has inherent power, irrespective of statute, to change the character of property in which infants are interested, it will only exercise that power for the benefit of the infants. *Day* v. *Devitt, 79 N. J. Eq. 342.*

The act relative to the sale of infant's lands (*Comp. Stat. p. 2804 § 1*) provides that whenever an infant shall be seized of any lands or entitled to any term to come, and it shall be represented to the chancellor on behalf of the infant by his guardian or next friend, that his interest requires that the lands or term should be sold or disposed of, the chancellor may in a summary manner proceed to inquire into the merits of the application, &c. This statute, it will be seen, embodies the provision that always obtains when infants are concerned, namely, whether their interests require that the contemplated action shall be taken.

Section 68 of the act concerning partition (*Comp. Stat. p. 3915*) provides that whenever a petition shall be presented to the orphans court, by the guardian of an infant tenant in common, from which it appears that the adult parties in interest have divided, or agreed to a partition of, their real estate, and the interest of the infant is such that an actual partition can be made without a sale and without detriment to the interest and right of the infant, it shall be lawful for the orphans court to hear the application in a summary manner; and, by section 69, if satisfied from the testimony that the proposed partition is not detrimental, but that it is to the interest of the infant to hold his share separate and apart from the other tenants in common, to make an order empowering and directing the guardian to execute and enter into such mutual agreements, deeds, releases and conveyances between the parties as may be necessary and as shall be confirmed by the court. Here, again, we

have a legislative declaration that an infant's lands shall not be partitioned unless it be for his benefit. Nor is there anything in section 9 of the Partition act which provides that it shall and may be lawful for the orphans or prerogative court, in certain cases, to order and direct a division of real estate to be made between the owners thereof where any one or more of them are minors under the age of twenty-one years, which abrogates the doctrine that the interest of an infant is to be jealously guarded —especially when another institutes proceedings in his name and ostensibly on his behalf. Of course, when an adult brings partition, the presence of an infant defendant will not operate to defeat the suit by reason of minority alone, no matter how detrimental to the infant's rights, in such a situation, an actual partition, or sale in lieu thereof, may be.

In *Freem. Part.* § *457*, it is laid down:

"But doubtless an application for partition is not, when made by or on behalf of an infant cotenant, to be granted, as in case of an adult cotenant, as a matter of course. An adult has, when not fettered by special obligation existing independent of the cotenancy, an absolute right to partition; and the court to which the application is properly presented has no authority to consider whether the further continuance of the cotenancy would prove more or less advantageous than a partition. But the protection of infants is one of the duties with which courts of equity are specially charged. When the court to which an application for partition is presented on behalf of an infant is a court of equity, or one authorized in matters of partition to exercise a chancery jurisdiction, it not only may but ought to inquire whether the proposed partition will operate to the prejudice or to the benefit of the infant petitioner; and if, as the result of such inquiry, the conclusion reached is that the partition will not prove beneficial, it ought to be denied."

In *Miller* v. *Lanning, 211 Ill. 620,* the court observed (at *p. 621*):

"Such imperative right (to partition) is, however, limited where part of the estate is owned by infants. The protection of infants and their estates is a duty enjoined upon courts of equity whenever their jurisdiction is invoked on their behalf or for the protection of their property. When a court of equity is called upon by a bill to partition lands in which infants are

interested, it is the duty of the chancellor to ascertain whether the partition will result beneficially to such infants or to their detriment, and if it will not be for their best interests, partition should be denied."

In New York it appears that the right to partition in the case of infants is made to depend upon the consent of the surrogate, and the court must be satisfied that the interests of the infant will be protected by the judgment awarding partition. *Thompson* v. *Hart, 58 N. Y. App. Div. 439; affirmed, Same Case, 169 N. Y. 571.*

We are not without adjudication on this question in our own state. In *Tomkins* v. *Miller, 27 Atl. Rep. 484,* Vice-Chancellor Bird observed:

"I cannot see my way clear to advise a decree directing the sale or partition of these lands, * * * there being infants in the case for whom this court must assume responsibility of acting. I cannot take such responsibility. There is nothing in the case to warrant me in believing that it would prove beneficial to them (the infants). Without such evidence the court would not be justified in taking the step prayed for."

The bill in the case before me will be dismissed unless within fifteen days the complainant amends by satisfactorily showing that the partition would be for the benefit of the infant complainants; and, if such an amendment be made, the facts will have to be proved before the master, who will be required to report particularly whether or not it would be for the benefit of the infants to have the land partitioned or sold. The present application for an order of reference will be denied.