MARY ZUDIAK, by next friend,

*v.*

MICHAEL SZURYK.

[Decided August 2d, 1922.]

1. A bill for partition on behalf of an infant by next friend may not be filed unless it alleges that partition or sale of the premises would operate for the benefit of the infant.

2. By the ancient practice both at law and in equity, partition was made, however prejudicial to the interest of the parties; to remedy which our statute authorizes a sale in lieu of partition.

3. The power to direct partition of property by sale and division of the proceeds is statutory, and the circumstances under which it can be exercised depend upon the statute; and it is incumbent on the person seeking partition by sale to show cause therefor justifying it under the statute.

4. If a sale in partition be consented to by all parties, they being *sui juris* (and only such parties can give efficacious consent), that mode of disposition could be attained without decree, as the parties themselves could join in the execution of a proper deed; what the parties can do for themselves the court will not do for them.

On application for decree for sale.

*Mr. Herbert Clark Gilson,* for the complainant.

*Mr. John F. Reger,* for the defendant.

WALKER, CHANCELLOR.

The bill is one for partition and accounting. There are only two parties, the complainant and defendant. If both parties were *sui juris* they could join in a deed. Complainant, who sues by next friend, is but five years of age.

In *Brown* v. *Garton, 86 N. J. Eq. 289,* I held:

"Partition is a matter of right only when the complainant is *sui juris.* No one has a right to file a bill for partition as next friend of an infant unless it is made to appear upon the face of the bill that partition or sale of the premises would operate for his benefit; and, if such allegation be made, the reference master will be required to take testimony and report whether or not such partition or sale would operate to the benefit of the infant complainant."

The defendant has answered, admitting the seizin of the parties but denying liability to account. A draft of decree for sale has been presented by the solicitor for the complainant, consented to by the solicitor for defendant, in which it is recited that the lands and premises are so situate that a partition cannot be made without great prejudice to the owners of the same. This decree cannot be made. Even if the bill alleged that partition or sale would operate to the benefit of the infant, relief could

not be afforded unless testimony taken before a master made it appear that such was the fact.

The act concerning partition (*Comp. Stat. p. 3903 § 16*), provides that when a partition of land cannot be made without great prejudice to the owners of the same the court may order a sale thereof. By the ancient practice, both at law and in equity, partition was made, however prejudicial to the interest of the parties. To remedy this our statute authorizes a sale in lieu of partition. *Bentley* v. *Long Dock Co., 14 N. J. Eq. 480.*

The power to direct partition of property by sale and division of the proceeds is statutory, and the circumstances under which it can be exercised depend upon the statutes in force in the different jurisdictions. *30 Cyc. 267.* And it is incumbent on any person seeking partition by sale to show cause therefor justifying it under the statute. *Ibid. 268.*

If a sale in partition be consented to by all parties, they being *sui juris* (and only such parties can give efficacious consent), that mode of disposition could be attained without decree of the court, that is, the parties themselves could join in the execution of a proper deed. What the parties can do for themselves they cannot require the court to do for them. The court will not do a vain thing.

Leave will be given to properly amend the bill. If the amendment be consented to it will obviate the necessity of taking an order on the defendant to answer the amendment. If amendment be made the complainant may apply for an order of reference in due course.