The bill is by Bayard R. Kraft, executor of the will of Carrie M. MacFerren, to partition lands owned wholly by the defendants as tenants in common. The executor is the only complainant. It alleges that complainant's testatrix was seized in her lifetime of an undivided one-sixth part of the lands; that she devised it to one Nellie Patterson in fee, and gave to complainant full power to sell all her lands; that Nellie Patterson is seized of one equal undivided sixth part subject to the power of sale held by complainant; and that complainant by virtue of the provisions in said will is possessed of the power and authority to sell such one-sixth part. There is no allegation showing that the will contains any direction to the executor to sell or anything from which such direction can be implied, or that the power is other than a mere naked one under which the executor in his discretion may sell.
When the decree pro confesso and order of reference was first placed before me, I wrote to complainant's solicitor as follows:
"November 13, 1941.
"Bayard R. Kraft, Executor under the Last Will and Testament of Carrie M. MacFerren, deceased, is complainant. Bayard R. Kraft, as executor, is not a tenant in common nor a joint tenant and had no authority to file the bill. Only a tenant having a right to possession and the owner of an undivided part of the land, is authorized to file a bill to partition.
"I am of the impression the bill must be dismissed. Counsel may submit his authorities for maintaining same." *Page 605 
To that the solicitor answered by mail, pointing out R.S.2:71-1 for complainant's authority to file the bill. Thereupon I wrote him again as follows:
"December 8, 1941.
"The complainant under the will of Carrie M. MacFerren was given but a mere naked power of sale and no other interest in the lands. A partition can be had only by a co-tenant, an owner of an undivided part of the lands. The statute referred to only applies where an undivided part was devised to the executor with power to sell.
"Under a decree adjudging the interest of the parties to the suit, it cannot be adjudged that the complainant is seized of any part of the lands. Nellie Patterson is the devisee and she is the one seized of such undivided share and not the executor."
These opinions were placed with the file in the cause, where they still remain, giving my reasons for declining to advise the Chancellor to make the decree and order presented.
It is my rule to call solicitors' attention to what I believe to be infirmities in bills filed by them, especially where they are fundamental, because it saves time and needless expense. Besides, the court should not be called on to do futile things. Although the bill in the present case was dismissed on solicitor's motion, I see no reason why the Chancellor should not dismiss a bill at any time when the fact is brought to his attention that the cause is not within the jurisdiction of the court. Counsel should not have applied for the order dismissing the bill and after it had been granted, complained of its effect. It would appear that he had at first decided that the court was without jurisdiction to grant the relief prayed, dismissed the bill with the intention to file a new one by one of the amicable defendants, and then changed his mind.
Complainant has no right in the land other than to sell the undivided one-sixth part which belonged to his testatrix, and which she devised to Nellie Patterson. A will which merely directs an executor to sell real estate of the testator, but does not devise it to him, gives him no estate therein, but a mere naked power, and the lands vest in the devisee, subject to the execution of the power. Gest v. Flock, 2 N.J. Eq. 108;Snowhill v. Snowhill, 23 N.J. Law 447; Romaine v.Hendrickson's Ex'rs., 24 N.J. Eq. 231; Moores v. Moores,41 N.J. Law 440; Todd v. Wortman, 45 N.J. Eq. 723. *Page 606 
A bill to partition should set forth that the complainant and defendants hold together, and undivided, the lands respecting which partition is sought, and distinctly allege the portion to which each tenant is entitled, so that the defendants may either confess the action or plead thereto. The essential thing is that the complainant should have an estate in possession in common with some other person.
By the bill complainant not only fails to show that he and the defendants hold together, and undivided, the lands to be partitioned, but distinctly alleges the estates therein to be wholly in the defendants. On its face it shows that complainant is not a tenant in common or a co-tenant with the defendants. He consequently has not brought his cause within the jurisdiction of the court, and any decree made herein will, in my opinion, be a nullity. A bill for partition lies only in favor of one who has a seizin and a right of immediate possession. Washburn on RealProperty, ch. XIII, § 7. He has no seizin who has not a freehold estate and entitled to the immediate usufruct of the land — the rents, issues and profits.
That Nellie Patterson has filed an answer joining in the prayer of the bill and consenting to the relief being granted the complainant, does not make her a complainant. Affirmative relief can be had only on a counter-claim. A defendant can pray for nothing in an answer but to be dismissed. Jurisdiction over the subject of a suit cannot be conferred by consent. The case iscoram non judice. School Trustees v. Stocker,42 N.J. Law 115. Cited in Collins v. Heller, 58 N.J. Law 429.
Under our statute, proceedings in partition can be instituted only by a person who has an estate entitling him to the immediate possession, and where his possession is disputed, equity requires that question to be settled first before directing partition to be made. Chancellor Kent in the fourth book of his Commentaries
(p. 364) says:
"The jurisdiction of Chancery in awarding partition, is well established, in England, by a long series of decisions; and it has been found, by experience, to be a jurisdiction of great public convenience. *Page 607 
But a court of equity does not interfere unless the title be clear, and never where the title is denied, or suspicious until the party seeking a partition has had an opportunity to try his title at law."
The above was cited by Chief-Justice Hornblower in 1833 in VanRiper v. Berdan, 14 N.J. Law 132, and in Stevens v. Enders,13 N.J. Law 271, the same Chief-Justice relates the history of partition in England and in this country fully, and declares its design to be that owners, who before enjoyed in common, shall each have possession of his share in severalty. Partition was intended to remedy the inconvenience arising from the united and common possession. But complainant has no such inconvenience. By his own showing he has no right to possession.
Between joint tenants there is a two-fold privity; viz., in estate and in possession; between tenants in common there is privity in possession and not in estate, but parceners have a three-fold privity; viz., in estate, in person and in possession.Co. Litt. 169a.
The purpose of partition between tenants in common is to dissolve the only unity existing between them, to wit, the unity of possession, but that unity cannot be dissolved if it does not exist, any more than a marriage can be dissolved where that union does not exist. The statute, R.S. 2:71-1, may have authorized partition under the circumstances therein provided for, but that act, in my opinion, is impossible of performance and therefore of no validity. Blackstone (1 Com. 91) in speaking of statutory construction, says:
"10. Lastly, Acts of Parliament that are impossible to be performed are of no validity, and if there arises out of them collaterally any absurd consequences, manifestly contradictory to common reason, they are, with regard to those collateral consequences, void. I lay down the rule with these restrictions; though I allow it is generally laid down more largely, that Acts of Parliament contrary to reason are void."
I have been unable to find any case where R.S. 2:71-1 has been considered by the court. In Walsh v. Dunn,46 Atl. Rep. 292, Vice-Chancellor Stevens speaking of the right given thereby, calls it "This somewhat singular right." *Page 608 
But how can the unity of possession which had existed between complainant's testatrix and her co-tenants in her lifetime be dissolved by any decree to be made in this cause? It has already been dissolved by an act of God — the death of testatrix — and as already shown, there is no such unity between complainant and defendants to be dissolved.
In treating of tenants in common, Littleton (section 318) says:
"Also, tenants in common may well make partition between them if they will, but they shall not be compelled to make partition by law; but if they make partition between themselves by their agreement and consent, such partition is good enough, as is adjudged in the booke of assises."
He was speaking of the common law, but now by statute such tenants may be compelled to make partition.
It must be plain that the defendants, being all the tenants in common, may well make partition between themselves, if they will, but that no partition made between complainant and defendants could be good, and that the defendants cannot be compelled by complainant to make partition by law. In a decree for actual partition mutual releases are directed to be made, but what could complainant be decreed to release to the defendants, or they to him?
I am unable to understand why complainant has taken this circuitous method to effect a sale under the power given him by his testatrix in her will, when a simple deed delivered by the executor to a purchaser would answer as well. What the parties can do for themselves the court will not do for them. Zudiak v.Szuryk, 93 N.J. Eq. 559.
In partition a decree must be either for an actual division or for a sale of the lands. If a sale be decreed, it must take place by a special master (of the whole of the lands) and that will not be an execution of the power of sale by the executor in compliance with the will. On the other hand, if partition be decreed, the power will remain unexecuted. The primary purpose of partition is not a sale. By the ancient practice of the court, both at law and equity, partition was made, however prejudicial to the interests of the parties. To *Page 609 
remedy this our statute authorizes a sale in lieu of partition.Bentley v. Long Dock Co., 14 N.J. Eq. 480. It is only where partition cannot be made without great prejudice to the owners of the lands that the court may order a sale thereof. Id. Zudiak
v. Szuryk, supra; Stapler v. Hollister, 82 N.J. Eq. 7.
 Curia cancellariae officina justitiae may be an ancient maxim, but the court should not be used for an unnecessary, useless or trivial purpose. *Page 610