Complainants bring this suit asking for the partition of two tracts of land owned by Wilhelmina Burkhardt at the time of her death in 1926, and for a construction of her will. By her will she bequeathed and devised all of her property, real and personal, to her eight children, to be divided among them equally, with the following exceptions:
"First: It is my will and I do order that the shares herein bequeathed to my sons John Burkhardt and Frederick Burkhardt and to my daughter Amelia Burkhardt shall be paid over to my executors, *Page 221 
August Burkhardt and Louise Burkhardt, to be held in trust by them for my said sons and daughter and the said income to be paid to a trust fund for their benefit or paid to them as the said trustees seems best.
"Second: It is my will that after the death of my son, William, or my daughter, Margaret Reif, their share is to be divided equally among their children.
"Third: At the death of either my son Frederick or John, or my daughter Amelia, their share is to revert back to the rest of the heirs to be divided equally."
She appointed her son, August Burkhardt, one of the complainants in this suit, and her daughter, Louise Burkhardt, one of the defendants, to be executors. The other of the eight children not mentioned in the quoted clauses from the will is Katherine Kramer. John Burkhardt died in 1932, and is represented in this suit by his executor. William Burkhardt died in 1941, and is represented by his heirs. Frederick Burkhardt was adjudged a lunatic in 1940, and is represented here by his guardian.
At the time of testatrix' death, her estate consisted almost exclusively of the two parcels of real estate, of which partition is now sought. They were then encumbered by mortgages in the sum of about $7,000, and the net value of the estate was between $3,000 and $4,000. Entire control of the estate seems to have been assumed by only one of the executors, namely, August Burkhardt. None of the income of the estate was ever paid out to any of the persons entitled thereto under the will, but instead it was applied almost entirely to the reduction of the mortgages, so that now they are reduced to a very small amount. An accounting proceeding is now pending in the Orphans Court to determine the various items of receipts and expenditures during the administration of the estate.
Under the terms of the will, three of the children, namely, August Burkhardt, Louise Burkhardt and Katherine Kramer, each received an undivided one-eighth interest in the estate, which vested in them at the time of the testatrix' death, together with such other interest as may have been left to them under the third exception quoted. William Burkhardt and Margaret Reif each received a life interest in one-eighth *Page 222 
of the estate and no more. Their heirs received the remainders of the one-eighth interest, to take effect upon the death of their respective parents, and, in addition, a possible further interest in the remainders after the life interest created under the first exception. The disposition of the remainders upon the deaths of John Burkhardt and Frederick Burkhardt depends upon the interpretation of the language used in the third exception. This provides that upon their deaths "their share is to revert back to the rest of the heirs to be divided equally." Complainants and defendants place different constructions upon this language as to whether the word "heirs," as used here, includes only the three persons to whom outright bequests of a one-eighth interest were made, or whether it also includes the two persons given a life interest under the second exception, and whether it includes the heirs of those given a life interest under the second exception. It is my opinion that the words "rest of the heirs" means that the heirs of William Burkhardt and Margaret Reif are entitled to share in the remainders after the deaths of John, Frederick and Amelia Burkhardt. The word "heirs" seems to have been used by the testatrix to designate the final remaindermen as well as the immediate heirs, and I so find.
Some of the defendants contest the partition on the ground that August Burkhardt, one of the complainants, sues in his individual capacity as one of the heirs, while he is one of the defendants in his representative capacity as executor, and that he cannot sue himself because his individual interest and his status as executor are adverse. It is also pointed out that of the other complainants, Mary Burkhardt and Fred Reif have rights only of dower and courtesy respectively, and Margaret Reif, individually, has only a life interest, and as guardian of Frederick Burkhardt represents only another life interest. In my opinion, this contention is unsound. As executor, August Burkhardt does not appear in any way to have any interest adverse to his individual right, and, apart from this asserted defense, is the owner in fee of an undivided one-eighth interest in the real estate. He is clearly entitled to a partition. It does not seem to me that he can be deprived of this right merely because he happens to be *Page 223 
also an executor. The rights of the parties as to their respective interests are in nowise affected by the partition.
The mere fact that an incompetent is involved, and possible unborn children of Margaret Reif, does not prevent partition where it appears for the best interests of all the persons concerned. Brown v. Garton, 86 N.J. Eq. 289; Zudiak v.Szuryk, 93 N.J. Eq. 559.
Testimony was presented to the effect that partition would be for the best interest of the incompetent and any unborn children. This testimony was scanty but was not contradictive.
 A decree will be advised for the relief prayed for in the bill. *Page 224