F. R. PATCH MANUFACTURING COMPANY

*v.*

WILLIAM A. GAHAGAN COMPANY, a corporation, EDWARD T. GAHAGAN and WALTER J. GORMAN.

[Submitted February 28th, 1921. Decided March 2d, 1921.]

1. The acknowledgment of a lien on property sold under execution by the purchaser and the officer conducting the sale, made it unnecessary for the person holding the lien to bid at the sale to protect his interest.

2. A purchaser at an executor's sale and others, acknowledging the lien of a third person at the sale, were estopped from claiming that the title derived from the sale was not subject to the lien, an instrument in the nature of a chattel mortgage, because it was not recorded as required by statute.

---

On bill, &c.

*Mr. Leon Abbett,* for the complainant.

*Mr. Robert Carey,* for the defendants.

GRIFFIN, V. C.

The bill in this cause was filed, among other things, to foreclose an instrument in the nature of a chattel mortgage or conditional bill of sale, dated January 23d, 1917, whereby the complainant furnished and delivered to the Gahagan company one carberundum coping machine, to be paid for as follows:

"$650.00 cash, against B/L, balance to be in the form of 13 notes for $100 each, for 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 months, respectively, notes to be dated 30 days after date of shipment and bearing interest at 6%."

In said instrument is the following clause:

"It is further agreed that the machinery and all property herein specified shall be and remain our property as security for deferred payments and subject to our control until fully paid for in cash."

While the instrument has some earmarks of a conditional sale, the attributes of a mortgage are more prominent.

This instrument was not recorded.

A decree *pro confesso* has been entered against the Gahagan company.

The Gahagan company was indebted to Edward in upwards of $900, part of which was contained in a note of the company for $400, dated July 19th, 1917. Edward entered judgment upon this note in the (first) district court of Jersey City against the company for $465 damages and costs.

Execution issued on said judgment, and the constable levied on the machine in question, and other property, and sold the same to Edward on his bid of $200.

Shortly thereafter Edward sold to the defendant Gorman for $940, being substantially the amount due to him from the Gahagan company.

The defendants Edward and Gorman now claim that the title which Edward derived from the sale is not subject to the instrument sought to be foreclosed because it was not recorded as required by the statute.

It appears that at the time the machine was delivered Edward was vice-president of the Gahagan company and signed the thir-

teen notes given under the agreement; he assisted the constable in making the levy, furnished the list of goods upon which to levy, and, in fact, gave to the constable all the information upon which he acted.

The levy as to the machine plainly stated that it was made subject to the mortgage of the complainant. The notice of sale likewise informed prospective bidders that this machine would be sold subject to said mortgage.

At the sale the constable announced that the machine would be sold subject to the mortgage of the Patch Manufacturing Company (this fact is alleged in the bill, paragraph 9, and is not denied in the answers), and the evidence shows that both Edward and Gorman were at the sale.

The constable delivered a bill of sale to Edward with a schedule of the property sold thereto annexed, in which appears the following: "Carberundum machine with wheels [subject to mortgage of Patch Manufacturing Co.];" and in the bill of sale from Edward to Gorman the same language is used with reference to this machine.

The defendants, in support of their claim, assert that judicial sales stand on a different footing from the ordinary ones between man and man; in this, that while in such ordinary sales the vendor may validate a void or voidable lien so that his grantee may not impugn it, this principle does not apply to sales by officers under judicial process; citing *Hackensack Water Co.* v. *De-Kay, 36 N. J. Eq. 548 (553, 554)*. To this latter principle there are exceptions. *Warwick* v. *Dawes, 26 N. J. Eq. 548 (555, 556)*, to prevent fraud and inequity.

Here Edward furnished all the information to the constable upon which he levied and conducted the sale; he heard the announcement that the sale would be made subject to complainant's mortgage without protest, with the result that persons who otherwise might have bid may have refrained from doing so because of the prior lien of upwards of $1,000. The acknowledgment of the complainant's lien made it unnecessary for it to bid to protect its interest. He accepted a bill of sale in strict compliance with the terms of bidding. If he should now prevail he would obtain the property for about $1,000 less than it might

otherwise have sold for; with the result that the complainant's lien will be lost and the Gahagan company continue liable on its notes aggregating $1,000 and interest. To countenance such a contention would be giving aid in support of fraud, a thing that can hardly be expected from a court of equity.

The conclusion I have reached is that the defendants Edward and Gorman are estopped from setting up this defence. The decree should be for the complainant. *Warwick* v. *Dawes, supra; Hackensack Water Co.* v. *DeKay, supra* (at *p. 556*); *Lee* v. *Stiger, 30 N. J. Eq. 610; Camden Safe Deposit Co.* v. *Citizens Ice Co., 71 N. J. Eq. 221* (*223*); *Peoples Building and Loan Association* v. *Vaniewsky, 85 N. J. Eq. 551* (*555*).

The Gahagan company made the down payment of $650, and paid three notes thereafter. If counsel cannot agree on the amount due, it will be referred to a master.