CLYDE C. MARCY et al., appellants,

*v.*

FRANCIS P. LARKIN et ux., respondents.

[Decided February 1st, 1926.]

On appeal from a decree of the court of chancery, where Vice-Chancellor Leaming filed the following conclusions:

"It is admitted by counsel for complainants and defendants, respectively, that prior to the foreclosure of the mortgage in the suit of Francis P. Larkin, complainant, against Ocean Beach Realty Company and others, defendants, file number 49-408, complete and adequate searches of the public records were made in behalf of complainant prior to the filing of the foreclosure bill, and that all parties were made defendants to said forclosure suit who were disclosed by the public records to have any right, title or interest in the mortgaged premises. That before the foreclosure bill was filed one Clyde G. Marcy, one of the complainants in the present suit, held written contracts for the purchase of a part of the

mortgaged premises executed by a former owner thereof (as being the grantee of the mortgagor), which contracts were not acknowledged or proved, recorded, registered or filed in the office of the clerk of Ocean county where the mortgaged premises were situated.

"It is contended by the complainants in this suit that, by reason of the fact that the said contracts were not acknowledged or proved, the contracts cannot be recorded, registered or filed, hence were not contracts of the nature referred to by the fifty-eighth section of our Chancery act, and it is further contended by complainants in this suit that before the bill was filed the mortgagee-complainant in the foreclosure suit had knowledge of the possession of the complainant in this suit of the lots covered by said contracts of sale, or had knowledge of facts which should have apprised him of the existence of said contract.

"The determination of this court is that it is immaterial whether the contracts of sale were acknowledged or proven or not, and immaterial whether the mortgagee in the foreclosure suit had actual or constructive knowledge before the bill was filed of the possession of the complainant in the present suit of the lots covered by the contracts of purchase, or of the actual existence of the contracts of sale after the bill was filed, for the reason that, in the opinion of this court, the statute is intended to perfect the title at foreclosure in accordance with the public records as such public records disclose the existence of liens and encumbrances, and to forever protect the title made under the sheriff's sale as against any liens not disclosed by the public records, and the court therefore declines to entertain the testimony in behalf of the complainant in this suit to the effect that complainant was in possession of the lots covered by the contracts at the time the foreclosure was brought. The court also declines to receive evidence on the part of the complainant in this suit to the effect that he stated to the mortgagee after the bill was filed, and prior to the sale under the foreclosure decree, that he held the contracts that are now subject of this suit, and said to him that he was in possession of the premises.

"It is therefore apparent that, since it is admitted that this suit seeks relief only against the part of the mortgaged premises covered by these contracts of sale, no relief can be awarded if the fifty-eighth section of the Chancery act is construed, as this court now construes it, to bar relief against the mortgaged premises after title has been conferred at the foreclosure sale in accordance with the provisions of that section of the statute.

"The court will therefore advise a decree dismissing the bill."

*Messrs. Bleakly, Stockwell & Burling,* for the appellants.

*Mr. Howard Ewart,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.