PAUL PFLIEGER, ROBERT P. PFLIEGER AND JOHN J. PFLIEGER, PARTNERS, TRADING AS PAUL PFLIEGER AND COMPANY, PLAINTIFFS-RESPONDENTS, v. HOLLAND FURNACE COMPANY, DEFENDANT-APPELLANT.

Submitted May 25, 1934—Decided Otcober 27, 1934.

For the defendant-appellant, *Isadore Rabinowitz.*

For the plaintiffs-respondents, *M. Harold Higgins.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court. The case was tried at the

Essex Circuit before Judge William A. Smith without a jury. The case was submitted partly on a stipulation of facts and partly upon testimony and evidence submitted to the court. The judge rendered a verdict in favor of the plaintiffs and against the defendant for the sum of $525. From this judgment the defendant appeals here. The suit was for damages claimed to be sustained by the plaintiff against the defendant for trespass and may be classified as *trespass de bonis asportalis.*

The facts disclosed that the plaintiffs were partners and held a mortgage which covered a private dwelling house owned at the time by one William Knief, who gave a mortgage covering the premises situate in Bloomfield, New Jersey. William Knief entered into an agreement with Margaret Cantwell for the sale of the premises whereby Margaret Cantwell agreed to pay for the same on the installment plan and receive a deed when certain installments had been paid. It also appears that Mary F. Ross was to be one of the grantees and was in possession of the premises with Miss Cantwell. This contract was in writing but not recorded. After Margaret Cantwell and Mary F. Ross took possession of the premises they found that the heating plant was in bad condition and decided to have a new one installed. They thereupon entered into a conditional sale contract on October 30th, 1929, with the defendant, Holland Furnace Company, for the installation of a hot air furnace and certain pipes for the purpose of conveying the heat through the various rooms of the house and also for the installment of a thermostat in connection with said furnace. The conditional sales contract for the installation of this furnace was not filed in the Essex county register's office until August 5th, 1930. In the meantime on May 30th, 1930, the plaintiffs, who were the mortgagees, began foreclosure by the filing of a bill in the Court of Chancery and on June 4th, 1930, filed a notice of *lis pendens* in the foreclosure suit. The sheriff of Essex county struck off the mortgaged premises at public sale under the foreclosure proceedings on December 16th, 1930, to the plaintiffs as mortgagees and the deed for the premises was delivered on December 27th, 1930. On February 6th, 1931, the furnace

was removed by the defendant with the consent of Margaret Cantwell but without any notice to the owner. The sheriff's deed was recorded on April 4th, 1931.

The trial judge found that the contract was not filed before the furnace was installed; that the contract was not made by the legal owner of the premises but with Miss Cantwell and Miss Ross who held a contract for the purchase of the same; that the furnace was affixed to the freehold but was severable without material injury thereto and, therefore, found that section 7 of the Conditional Sales act (2 *Cum. Supp. Comp. Stat.* 1924, *p.* 3130) applied. The trial court said that this case came within the rule laid down in *Russ Distributing Corp.* v. *Lichtman*, 111 *N. J. L.* 21, and rendered a verdict as aforesaid on which judgment was entered. For the reasons hereinafter stated we think the trial court reached the proper result. The conditional sales contract was not filed until the foreclosure was begun. There is no evidence that the plaintiffs had notice of the conditional sales contract. The holder of a conditional sales contract cannot sit by, withhold his contract from the record until after foreclosure is begun and *lis pendens* filed, when the mortgagee has no notice of such conditional sales contract, and then claim that it is valid against the mortgagee in foreclosure. Section 7 of the Conditional Sales act provides: "As against the owner of realty the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof, but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty. *Pamph. L.* 1919, *p.* 461." It appears in the present case that one, Knief, was the legal owner at the time the conditional sales contract was entered into and at the time the furnace was installed. It does not appear that he had notice of such conditional sales contract or of the installation of the furnace. The Chancery act (1 *Comp. Stat., p.* 432, § 58) provides: "In any suit for

the foreclosure of a mortgage upon or which may relate to real or personal property in this state, all persons claiming an interest in or an incumbrance or lien upon such property, by or through any conveyance, mortgage, assignment, lien or any instrument which, by any provision of law, could be recorded, registered, entered or filed in any public office in this state, and which shall not be so recorded, registered, entered or filed at the time of the filing of the bill in such suit, shall be bound by the proceedings in such suit, so far as the said property is concerned, in the same manner as if he had been made a party to and appeared in such suit, and the decree therein made against him as one of the defendants thereon." An examination of the record, at the time the bill to foreclose was filed, would not disclose the conditional bill of sale for the reason the same had not been filed. A purchaser at the sheriff's sale would not be bound at law by the filing of a lien or contract in the clerk's or register's office after the filing of the *lis pendens*. Such purchaser would take such title as the mortgagor and mortgagee had in the property free of all liens and encumbrances, unless the mortgagee had failed to make such lienholders parties to the foreclosure suit whose liens properly appeared of record as required by law, or unless the mortgagee had actual or implied notice of the existence of such liens. In the present case there was no evidence of actual or implied notice of the existence of a conditional sales contract at the time the foreclosure was begun and the *lis pendens* filed. Therefore, the purchaser at the sheriff's sale took the same free and clear of any such lien and the conditional sales contract, as to such purchaser, was void.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.