SUSAN SALOMON AND GARY SALOMON, HER HUSBAND, AND ANNE AND SAMUEL PORTELLI, HER PARENTS, PLAINTIFFS-APPELLANTS, v. ELI LILLY AND COMPANY, MERCK SHARP & DOHME; ABBOTT LABORATORIES; THE UPJOHN COMPANY; E.R. SQUIBB & SONS, INC., INDIVIDUALLY AND AS REPRESENTATIVES OF A CLASS, AND ABC, INC., #1 THROUGH #400 COMPANIES AND CORPORATIONS WHOSE IDENTITY IS UNKNOWN TO PLAINTIFFS AT THIS TIME, DEFENDANTS-RESPONDENTS.

Argued October 22, 1984—Decided December 5, 1984.

*Arthur Ian Miltz* argued the cause for appellants (*Kronisch & Schkeeper*, attorneys).

*John L. McGoldrick* argued the cause for respondent Eli Lilly and Company (*McCarter & English,* attorneys; *John L. McGoldrick, John F. Brenner, Gordon M. Chapman* and *Keith E. Lynott,* on the brief).

*Barry M. Epstein* argued the cause for respondent E.R. Squibb & Sons, Inc. (*Sills, Beck, Cummis, Zuckerman, Radin & Tischman,* attorneys; *Marc S. Klein* and *David N. Buda,* on the brief).

*Edwin A. Hartung,* on behalf of respondent The Upjohn Company, relied upon the argument for respondent Eli Lilly and Company (*Lamb, Chappell, Hartung, Gallipoli & Coughlin,* attorneys; *Mary B. Rogers,* on the brief).

*Thomas F. Campion, Glenn S. Pantel* and *Jonathan D. Britt,* on behalf of respondent Merck Sharp & Dohme, a division of Merck & Co., Inc., relied upon the argument for respondent Eli Lilly and Company (*Shanley & Fisher,* attorneys).

*William B. McGuire,* on behalf of respondent Abbott Laboratories, relied upon the briefs for respondents Eli Lilly and Company and E.R. Squibb & Sons, Inc. and the argument for respondent Eli Lilly and Company (*Tompkins, McGuire & Wachenfeld,* attorneys).

*James M. Docherty* submitted a brief on behalf of *amicus curiae* The Association of Trial Lawyers of America (*Cohn & Lifland,* attorneys).

*James S. Scherling* submitted a brief on behalf of *amicus curiae* DES Action, National.

*Joseph A. Spinella* submitted a brief on behalf of *amicus curiae* DES Action, New Jersey.

*Howard Moskowitz* submitted a brief on behalf of *amicus curiae* White Lung Association.

PER CURIAM.

In their complaint, plaintiffs seek damages for personal injuries to plaintiff Susan Salomon caused by her mother's use of

diethylstilbestrol (DES) during her pregnancy with Susan. On its own motion, the trial court dismissed the complaint. We granted direct certification, 97 *N.J.* 594 (1984).

Without specifically pleading any particular theory of recovery, plaintiffs instituted this action against defendants as a class. On appeal, however, plaintiffs rely upon four theories to support their complaint. One theory is that defendants may be liable when, in pursuing a common scheme, any of them breaches a duty to a third person. A second theory, denominated alternative liability, applies "where independent acts by two or more joint tortfeasors are alleged to have occurred, with all the tortfeasors having acted wrongfully, but only one having injured plaintiff." *Namm v. Charles E. Frosst & Co.*, 178 *N.J.Super.* 19, 28 (App.Div.1981). A third theory, described variously as industry-wide liability or enterprise liability, permits plaintiffs to recover from an entire industry or any one member when the manufacturers jointly control the risk. A fourth theory recognizes that if a plaintiff joins the manufacturers of a substantial share of the market for a product, the burden shifts to defendants to demonstrate that they could not have made the product that injured plaintiffs. Each defendant is liable for the proportion of the judgment represented by its share of the market unless it establishes that it could not have made the harmful product.

Defendants strenuously contend that plaintiffs should not be compensated under any theory and assert various affirmative defenses including the bar of the statute of limitations and the failure of plaintiffs to comply with the requirements for a class action.

In the trial court, plaintiffs moved to strike certain affirmative defenses raised by the defendant manufacturers of DES. Defendants moved for various forms of relief, including dismissal of the complaint for plaintiff Susan Salomon's failure to

appear at depositions. During the oral argument before the trial court, plaintiffs acknowledged that they could not identify the company that manufactured and sold the DES ingested by Susan's mother. Consequently, the trial court dismissed the complaint on its own motion.

As the order of dismissal reflects, the trial court believed that the outcome of the proceeding before it was controlled by *Namm v. Charles E. Frosst & Co., supra.* In its unpublished opinion, the trial court noted that the *Namm* court "rejected the theory of 'enterprise liability' and held that under New Jersey law the plaintiff has the burden to identify the manufacturers of the drug which allegedly caused the plaintiff's injury." Even under *Namm*, however, we conclude that the trial court should not have dismissed the complaint on its own motion in the absence of a motion by the defendants and of an adequate record. Without deciding whether or when this matter will be ripe for summary judgment, it is clear that the case is not in a suitable posture for summary adjudication at this time. In reaching that result, we neither approve nor disapprove of *Namm v. Charles E. Frosst & Co., supra.* In light of our decision to remand the matter to the trial court, we need not pass on the validity of any of the potential causes of action or defenses.

The judgment of dismissal is reversed, and the matter is remanded to the Law Division. Jurisdiction is not retained.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For affirmance*—None.