860 A.2d 1021

PNC BANK, PLAINTIFF, v. KURT AND CECELIA AXELSSON AND A & J FISH CO., INC., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Cape May County

Decided May 3, 2004.

*Stephen M. Packman,* for plaintiff (*Archer & Greiner,* attorneys).

*Frank L. Corrado,* for defendants (*Rossi Barry Corrado & Grassi,* attorneys).

SELTZER, P.J. Ch.

This written opinion supplements my oral decision of October 18, 2002. That decision denied plaintiff's motion for summary judgment on a complaint seeking to extinguish an unrecorded easement held by defendant affecting property plaintiff acquired by mortgage foreclosure. I had denied plaintiff's application without prejudice to renewal after discovery with respect to plaintiff's actual knowledge of the unrecorded easement.

Because this is a motion for summary judgment, I am required to view the evidence in the light most favorable to the opposing party and to afford to that party the benefit of all inferences which may be reasonably drawn from the evidence thus viewed. *Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 666 *A.*2d 146 (1995). The motion may be granted only if no reasonable fact-finder could decide the issue in favor of the resisting party.

The facts, with the exception of those relating to plaintiff's knowledge of the easement, are uncontested. Defendants, Kurt and Cecelia Axelsson, own the Blue Claw Restaurant on Ocean Drive in Lower Township. It is a year-round operation employing more than fifty people. The adjacent property, now owned by plaintiff's assignee and subsidiary, Land Holding, Inc., is the

former property of A & J Fish Company (owned entirely by the brother of defendant Kurt Axelsson), which utilized it as a fishing dock and processing facility. The restaurant and dock are completely separate entities.

In 1988, defendants sought to expand their restaurant and were required, as a condition of municipal approval, to procure additional parking to accommodate the increased seating capacity. Defendants obtained an easement agreement from A & J Fish Company permitting Blue Claw patrons to use eighteen parking spaces located on A & J's property during evening hours. The easement was executed on March 7, 1988, and mailed by defendant's attorney to the Cape May County Clerk's Office on March 10, 1988, for recordation. The easement, although received by the Clerk, was, for reasons that remain unexplained, never recorded. Defendants did not discover that the easement had not been recorded until plaintiff first asserted exclusive dominion over the easement area.

In 1999, well after the execution of the easement, the A & J property was mortgaged to plaintiff. When A & J defaulted on the mortgage, plaintiff obtained a foreclosure judgment in April 2001, subsequently purchased the property at sheriff's sale in January 2002, and together with its assignee and subsidiary Land Holding, Inc., obtained a writ of possession in March 2002. Since Land Holding, Inc., is the assignee and subsidiary of plaintiff, I treat both as one entity for the purposes of this motion. Defendants were not notified of, nor made a party to, the foreclosure action or any of the subsequent proceedings. Plaintiff thereafter joined defendants in this post-judgment, post-sale application to extinguish the unrecorded easement.

Plaintiff asserts that the foreclosure cuts off the unrecorded lien without reference to its knowledge of the lien; defendants assert that, where the mortgagee is the purchaser at sale, the easement is extinguished only if the mortgagee had no prior knowledge of the unrecorded interest. If plaintiff is correct, it is entitled to judgment since discovery cannot affect the result; if defendants are correct, they are entitled to discovery to determine the extent

of plaintiff's knowledge, upon which their rights will depend. *Salomon v. Eli Lilly & Co.*, 98 *N.J.* 58, 484 *A.*2d 320 (1984).

The resolution of this dispute turns on the interplay among certain equitable principles, the policy underlying New Jersey's recording statutes and the interpretation of those statutes. New Jersey is considered a "race-notice" jurisdiction, so that, generally, as between two competing parties, the interest of the party first recording the relevant instrument will prevail over a prior interest. That priority exists, however, only if the party first to record had no knowledge of the other party's previously acquired interest. *Cox v. RKA Corp.*, 164 *N.J.* 487, 496, 753 *A.*2d 1112 (2000) (citing *Palamarg Realty Co. v. Rehac*, 80 *N.J.* 446, 454, 404 *A.*2d 21 (1979)).

The general rule is codified in *N.J.S.A.* 46:22–1, which provides:

Every deed or instrument of the nature or description set forth in section 46:16–1 of this title shall, until duly recorded or lodged for record in the office of the county recording office in which the affected real estate or other property is situate, be void and of no effect against subsequent judgment creditors without notice, and against all subsequent bona fide purchasers and mortgagees for valuable consideration, not having notice thereof, whose deed shall have been first duly recorded or whose mortgage shall have been first duly recorded or registered; but any such deed or instrument shall be valid and operative although not recorded, except as against such subsequent judgment creditors, purchasers and mortgagees.

Thus, a document that could have been recorded but was not is invalid as against any subsequent purchaser or interest holder who takes without knowledge of the unrecorded document. This statute specifically provides, however, that the unrecorded interest is not void against a later-recorded interest taken with knowledge, actual or constructive, of the unrecorded interest. Accordingly, if plaintiff knew of defendants' unrecorded easement when it took its mortgage, *N.J.S.A.* 46:22–1 would validate the unrecorded easement as against the bank.

When title is acquired at a judicial sale held pursuant to a foreclosure judgment, other considerations come into play. In that situation there is a recognition that the integrity of title is best served by giving to "the purchaser at foreclosure sales a title

free from any latent equities ...." *McCrea v. Newman*, 46 *N.J.Eq.* 473, 476, 19 *A.* 198, 199 (Ch. 1890). *See also Marcy v. Larkin*, 99 *N.J.Eq.* 429, 430, 132 *A.* 90 (E. & A.1926) (statutory purpose was "to forever protect the title made under the sheriff's sale as against any liens not disclosed by the public records"). To effectuate that finality, *N.J.S.A.* 2A:50–30 was adopted to provide that the holder of an unrecorded interest is bound by the judgment entered in a foreclosure action as if it had been made a party. Specifically, the statute provides:

> In any action for the foreclosure of a mortgage upon real or personal property in this state, all persons claiming an interest in or an encumbrance or lien upon such property, by or through any conveyance, mortgage, assignment, lien or any instrument which, by any provision of law, could be recorded, registered, entered or filed in any public office in this state, and which shall not be so recorded, registered, entered or filed at the time of the filing or the complaint in such action shall be bound by the proceedings in the action so far as such property is concerned, in the same manner as if he had been made a party to and appeared in such action, and the judgment therein had been made against him as one of the defendants therein; but such person, upon causing such conveyance, mortgage, assignment, lien, claim or other instrument to be recorded, registered, entered or filed as provided by law, may apply to be made a party to such action.

Although the statute does not speak to the rights acquired at a foreclosure sale, our cases have held that *N.J.S.A.* 2A:50–30 provides the purchaser at a foreclosure sale title free of any unrecorded interest. *McCrea v. Newman*, 46 *N.J.Eq.* 473, 476, 19 *A.* 198, 199 (Ch. 1890). This is so even if the purchaser at sale, *Capital Circle. No. 11, Bhd. of the Union v. Schmitt*, 84 *N.J.Eq.* 95, 92 *A.* 596 (Ch.1914), or the mortgagee at whose insistence the sale was held, *Marcy supra*, 99 *N.J.Eq.* at 430, 132 *A.* at 90, had notice of the unrecorded interest.

Relying on these cases, plaintiff asserts that its knowledge is immaterial. In each case, however, the purchaser at sale was not the foreclosing mortgagee and no appellate court has yet addressed the situation in which a knowing mortgagee buys at a judicial sale. There has never been, therefore, a determination whether the court-imposed consequences of the statute apply to a foreclosing mortgagee who purchases at sale with knowledge of an unrecorded interest.

The issue remains undecided because no reported case has decided the issue. In *Pflieger v. Holland Furnace Co.*, 114 *N.J.L.* 43, 174 *A.* 720 (E. & A.1934), the Court dealt with a situation in which a foreclosing mortgagee took title to the property. An unrecorded lien-holder claimed that it should have been made a party to the action and that the purchasing mortgagee took title subject to the unrecorded interest. The Court held that the mortgagee took title free of the unrecorded lien pursuant to the Chancery Act (1 Comp. St. 1910, p. 432, § 58), which was the predecessor of *N.J.S.A.* 2A:50–30. The court noted specifically that there was no indication that the mortgagee had any knowledge of the unrecorded lien. In itself, this result is unremarkable and consistent with the general rule, although there appears to have been no need to reference the lack of knowledge of the mortgagee who purchased at the sale.

That comment was noted in *Walter v. Introcaso*, 135 *N.J.L.* 461, 466, 52 *A.*2d 676, 679 (E. & A.1947). That case involved a grantee who took title to property that, it was claimed, was subject to an unrecorded easement. The holder of the easement claimed that its open and notorious character charged both the present owner and its predecessor with knowledge of the easement. The Court of Errors and Appeals held that this claim would have merit but for the fact that the owner's predecessor obtained title at a foreclosure sale. This then was a case in which the foreclosing mortgagee, although the purchaser at sale, was not the owner of the property against which the unrecorded interest was asserted.

The *Walter* Court took pains to distance itself from the *Pflieger* language, noting that the *Pflieger* Court had held that "this lack of notice, plus the operation of … [the predecessor of *N.J.S.A.* 2A:50–30] … was held to cut off the claim of the" unrecorded interest. *Ibid.* Although this may overstate the holding of *Pflieger*, the *Walter* Court felt compelled to emphasize that the "effect of [the statute], if there had been actual or constructive notice of the [unrecorded interest] was not before the court for decision and the court's remarks with respect thereto are obiter dicta". *Ibid.*

■ That is, however, the situation which confronts us here. If the knowledge of a purchasing mortgagee were irrelevant by virtue of *N.J.S.A.* 2A:50–30, the *Pflieger* Court need not have mentioned it and the *Walter* Court need not have emphasized that the *Pflieger* language was dicta. Since the issue is undecided, I look to see if there is some basis for applying *N.J.S.A.* 2A:50–30 to a third-party purchaser while denying its benefit to a foreclosing mortgagee who purchases at sale. I am guided by the well-settled principles of statutory construction that require "that every effort be made to harmonize the law relating to the same subject matter." *State v. Green,* 62 *N.J.* 547, 554, 303 *A.*2d 312 (1973), and that reasonable, as opposed to unreasonable, results should be derived from the construction utilized. *City of Clifton v. Passaic Cty. Bd. of Tax'n,* 28 *N.J.* 411, 421, 147 *A.*2d 1 (1958).

■ Application of these principles lead me to the conclusion that a purchasing mortgagee with knowledge should not emerge from a sale in a better position with respect to an unrecorded interest than existed prior to the sale. This is particularly true in light of *N.J.S.A.* 2A:50–30 that authorizes recordation of an unrecorded interest and intervention in a foreclosure action at any time before final judgment. The existence of this statute evidences an unwillingness to allow a mortgagee subject to an unrecorded interest to better his position by withholding from the interest-holder the existence of the foreclosure action and withholding from the court the existence of that interest. To hold otherwise would, it seems to me, truncate unnecessarily the protection afforded to the unrecorded interest and lead to an unreasonable result. A construction that affords this protection to the unrecorded interest holder until the purchasing mortgagee divests title is a more reasonable accommodation to the competing interests expressed in *N.J.S.A.* 2A:50–30 and *N.J.S.A.* 46:22–1.

This construction also seems reasonable given the differences between a purchasing mortgagee and a purchasing stranger. The need, for example, to assure finality of sales so as to encourage the highest possible price (which protects as much as possible the

interest of the owner and other recorded lienors) deserves substantial deference *Carteret Sav. & Loan Ass'n v. Davis,* 105 *N.J.* 344, 351, 521 *A.*2d 831, 834–35 (1987). Third-party purchasers may well hesitate to bid as freely as they otherwise might if the possibility exists that their title will be subject to an allegation that the purchaser had knowledge of an unrecorded lien. Similarly, title obtained from a purchasing mortgagee may not be easily alienable if issues of knowledge of unrecorded liens may be later raised. But these considerations relate to the protection of a third-party purchaser, direct or indirect, and not to a foreclosing mortgagee.

A foreclosing mortgagee who purchases is in a somewhat different situation than a purchasing stranger. The considerations militating in favor of protection of third-party purchasers simply do not apply to a purchasing mortgagee. If that mortgagee has knowledge of an unrecorded interest when it takes its mortgage, it is not entitled to protection. Indeed, the knowing mortgagee is specifically subject to the known unrecorded interest. *N.J.S.A.* 46:22–1. If the mortgagee can avoid that statutory result simply by not informing the interest holder of the foreclosure proceeding, there is little effect to the protection afforded an unrecorded interest known to the mortgagee.

There is language consistent with this result in prior decisions. In *McCrea v. Newman,* 46 *N.J.Eq.* 473, 476, 19 *A.* 198, 199 (Ch. 1890), a foreclosing mortgagee took title at a sheriff's sale and sold the property to a third party who in turn sought to sell to another. The prospective buyer attempted to avoid the sale by asserting that the title was encumbered by an unrecorded interest that had been disclosed in a deed from the mortgagor to another individual before the foreclosure judgment. In holding that the interest of the purchaser from the foreclosing mortgagee was protected, the Chancellor said as to *N.J.S.A.* 2A:50–30:

> It will be observed that no exception is made in favor of an incumbrancer whose incumbrance, though unrecorded, is known to the complainant who institutes the proceedings [*i.e.,* the foreclosing mortgagee]. The object of this statute is to give

the purchaser at foreclosure sales a title free from any latent equities of that sort to which the complainant [*i.e.,* the foreclosing mortgagee] might be subject.

I take this language to mean that the foreclosing mortgagee would be subject to the "latent equities" had it bought in at the sale.

Similarly, *F.R. Patch Mfg. Co. v. William A. Gahagan Co.,* 93 *N.J.Eq.* 73, 114 *A.* 321 (Ch.1921), involved the purchase of personal property at a sheriff's sale resulting from an execution on a judgment. The judgment creditor, however, with actual knowledge of an unrecorded chattel mortgage, purchased the property at the sale. It appears, although it is not absolutely clear, that the knowledge of the unrecorded mortgage preexisted the judgment. In refusing to permit the sale to be free of an unrecorded but known interest, the Chancellor opined that "[t]o countenance such a contention would be giving aid in support of fraud, a thing that can hardly be expected from a court of equity." *Id.* at 76, 114 *A.* at 322. This is an unequivocal recognition that a judgment holder with knowledge of an unrecorded instrument, who is a subsequent purchaser at a sheriff's sale, takes title subject to the unrecorded instrument. There is no reason to reach a different result when a knowing mortgagee, rather than a knowing judgment creditor, is involved.

Nor is *Marcy,* upon which plaintiff relies, helpful, although that case does contain language to the effect that the knowledge of the foreclosing mortgagee is irrelevant. *Marcy, supra.* Nevertheless, it is impossible to determine from the opinion whether it was the foreclosing mortgagee or another who purchased at the sale. Since *Marcy* was discussed in *Walter* without reference to its facts, it is likely that it was not the foreclosing mortgagee who purchased.

The result I reach comports with notions of fundamental fairness. The holder of an unrecorded interest cannot complain if the failure to record the interest results in a loss to a party who could not have provided notice in the litigation resulting in the loss. That is, the knowing non-mortgagee purchaser does not cause the loss; the institution of the foreclosure action causes the loss and

the purchaser does not control that action. There is no reason why the Legislature could not choose to say that as between a third party who purchased at a judicial sale and an unrecorded lien-holder, the lien-holder who failed to record should suffer the consequences of the sale, but that as between an unrecorded lien-holder and a foreclosing mortgagee who knew of the unrecorded lien when it took its mortgage, it is the mortgagee who should take title from the sale subject to the lien to which its mortgage had been subject by virtue of *N.J.S.A.* 46:22–1.

Those considerations (repose of title and duty to record) simply do not apply when it is the foreclosing mortgagee who takes title at the subsequent sale. In that case, it is the very purchaser who has, by refusing to name the holder of the interest, eliminated the opportunity to be heard and to establish the existence of the unrecorded interest. To give the foreclosure proceedings any validity and keep them constitutionally sound (as against the foreclosing plaintiff), defendants should be notified of the pending foreclosure action in order to be given the opportunity to be heard and to defend their interest in the property. A failure to do so should not redound to the benefit of the party refusing to give notice.

The result that I reach, that a mortgagee purchasing at sale resulting from its foreclosure action is subject to an unrecorded interest of which it had knowledge, is consistent with the application of *N.J.S.A.* 46:22–1 in analogous situations. One treatise describes the law of New Jersey as consistent with the great weight of authority:

> Once a purchaser ... has obtained an interest ... which is protected under *N.J.S.A.* 46:22–1 against assertion of adverse claims based on prior unrecorded instruments, his "market" is protected by holding that his interest may be transferred free and clear of such adverse claims even if the transferee takes with notice thereof or without paying value. But this doctrine of "shelter" is subject to an exception where the transferee is one who previously held an interest in the land with notice of the prior unrecorded instrument.
>
> [29 *New Jersey Practice, Law of Mortgages* § 10.7, at 603–4 (Myron C. Weinstein) (rev. 2d ed. 2001).]

Said another way, a holder of an interest subject to an unrecorded interest cannot better its position by subsequent transfers which return title to it even though some of the intermediate transferees are unaffected by the unrecorded interest. That being so, there can no justification for affording more protection to a foreclosing mortgagee with knowledge simply because one of the intermediaries is a judicial officer.

In short, a construction of *N.J.S.A.* 2A:50–30 and *N.J.S.A.* 46:22–1 that affords protection to a mortgagee who purchases at its foreclosure sale only if it does so with no knowledge of an unrecorded instrument serves the purpose of both statutes, balances the interests of repose of title without unfairly benefiting a knowing party, runs afoul of no precedent, and is consistent with well-settled law in a closely related area. Because the knowledge of plaintiff is a relevant factor in this controversy, the motion for summary judgment is denied without prejudice to renewal after discovery is completed.