NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4453-19

WOODMONT PROPERTIES,
LLC,

      Plaintiff-Appellant,

v.

TOWNSHIP OF WESTAMPTON,
TOWNSHIP COMMITTEE
OF THE TOWNSHIP OF
WESTAMPTON, T.D. BANK,
N.A., COBA, INC., and MRP
INDUSTRIAL NE, LLC,[1]

      Defendants-Respondents.

_____

> **APPROVED FOR PUBLICATION**
>
> **February 7, 2022**
>
> **APPELLATE DIVISION**

Argued January 19, 2022 – Decided February 7, 2022

Before Judges Fisher, DeAlmeida, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-2494-18.

Michael J. Canning argued the cause for appellant (Giordano, Halleran & Ciesla, attorneys; Michael J. Canning and Afiyfa H. Ellington, on the briefs).

Matthew R. Tavares argued the cause for respondents Township of Westampton and Township Committee of the Township of Westampton (Rainone Coughlin

---

[1] Improperly pled as MRP Industrial, LLC.

Minchello, LLC, attorneys; Matthew R. Tavares, of counsel and on the brief).

Jennifer A. Harris argued the cause for respondents T.D. Bank, N.A. and COBA, Inc. (Brown & Connery, LLP, attorneys; Paul Mainardi and Jennifer A. Harris, on the brief).

William J. Groble argued the cause for respondent MRP Industrial NE, LLC.

The opinion of the court was delivered by

FISHER, P.J.A.D.

Plaintiff Woodmont Properties, LLC contracted to purchase a large tract of undeveloped land from non-party Hovbros Burlington LLC. Defendant TD Bank, N.A., which held mortgages on the property, foreclosed and was the highest bidder at a sheriff's sale. Although it was a long, strange trip in the trial court, we agree with the trial judge that plaintiff's claim to a continuing interest in the property cannot be sustained because of the foreclosure sale, which cut off any further right plaintiff claims to have to purchase the property. In so holding, we reject the reported trial court decision in PNC Bank v. Axelsson, 373 N.J. Super. 186 (Ch. Div. 2004), which held to the contrary, because it is inconsistent with N.J.S.A. 2A:50-30 and out of step with the contrary holding of the State's then highest court in Marcy v. Larkin, 99 N.J. Eq. 429, 430 (E. & A. 1926). But, while we conclude that this holding is fatal to plaintiff's claim to

2

a continuing property interest and its claims against the other defendants, we agree with plaintiff that its claim against TD Bank of tortiously interfering with its contractual rights is viable notwithstanding. We, therefore, affirm in part, reverse in part, and remand for further proceedings.

To explain in greater detail, on August 25, 2011, plaintiff entered into a contract to purchase approximately thirty acres of undeveloped land in Westampton from Hovbros for $5,800,000. A month earlier, defendant TD Bank issued to Hovbros a letter of intent to lend it $3,500,000; a week after plaintiff and Hovbros entered into their contract, TD Bank lent Hovbros $3,500,000, the repayment of which was secured by a mortgage on the property. Plaintiff alleged in its complaint that TD Bank had knowledge of the contract, that the contract itself or other oral discussions precluded Hovbros from encumbering the property in an amount greater than eighty percent of the purchase price, and that despite this knowledge, TD Bank later encumbered the property to an extent in excess of the purchase price.

The transaction between plaintiff and Hovbros did not close by the time Hovbros defaulted on its obligations to TD Bank. On March 6, 2014, TD Bank filed a complaint seeking foreclosure on the property and two weeks later recorded a notice of lis pendens. Plaintiff did not then – or ever – record its

contract with Hovbros; in fact, that action would have constituted a default under the contract.[2] TD Bank did not name plaintiff as a party to the foreclosure action despite, as plaintiff alleges, being aware of plaintiff's interest in the property. On the other hand, plaintiff also made no attempt to intervene despite its knowledge of the foreclosure action.[3] Final judgment of foreclosure, which also fixed Hovbros's indebtedness at slightly in excess of $5,900,000, was entered on September 25, 2015.

Seventeen months after entry of the foreclosure judgment, the property was struck off at a sheriff's sale. TD Bank was the highest bidder; it assigned its interest to defendant COBA, Inc., which later received a sheriff's deed. COBA then contracted to sell the property to defendant MRP Industrial NE, LLC.

To momentarily back up in our chronological history of the relevant events, plaintiff also alleged in its complaint that through its efforts Westampton's township committee designated the property as an area in need of redevelopment. In September 2014 – months after TD Bank commenced its

---

[2] Paragraph 26 of the contract stated that "Buyer shall not record this Agreement or any memorandum thereof. Any such recording shall be deemed a default by Buyer under this Agreement."

[3] There is no dispute that plaintiff became aware of the foreclosure action no later than February 28, 2015, approximately six months prior to entry of a judgment of foreclosure.

A-4453-19

foreclosure action – Westampton enacted an ordinance that declared the land a redevelopment area and, in November 2014, plaintiff and Westampton entered into a redevelopment agreement. In October 2018 – almost four years later – Westampton terminated the redevelopment agreement because plaintiff failed to obtain title to the property, a contingency in the agreement.

In November 2018, plaintiff filed this action against Westampton and its township committee, TD Bank, COBA, and MRP, alleging, among other things, the circumstances briefly outlined above and asserting that:

- Westampton and its township committee breached the redevelopment agreement, breached the covenant of good faith and fair dealing, should be estopped from terminating the agreement, adopted a resolution terminating the agreement that is arbitrary, capricious and unreasonable, and should be ordered to cease and desist from attempting to zone the property for industrial use.

- TD Bank tortiously interfered with the redevelopment agreement and plaintiff's contract with Hovbros.

- COBA obtained title to the property through TD Bank's tortious interference.

- All defendants entered into a civil conspiracy to interfere with and deprive plaintiff of its rights under both the contract with Hovbros and the redevelopment agreement.

A-4453-19

Westampton filed an answer; TD Bank and COBA opted to move to dismiss rather than file an answer, and MRP later joined in that motion. During oral argument, the judge posed numerous inquiries – mainly aimed at plaintiff – questioning the accuracy of some of the complaint's allegations. The judge did not rule on the motion; instead, the judge permitted TD Bank and COBA to serve plaintiff with discovery requests to "test [plaintiff's] allegations" and precluded plaintiff from seeking responses to discovery demands already made.

After plaintiff responded to the discovery requests, the judge again heard oral argument. This time, rather than rule on the motion, the judge allowed defendants to take depositions. The judge also required that plaintiff "evaluate each and every element of the causes of action that are at issue in the [m]otion and provide support for [those] factual allegations." Again, the judge forbade plaintiff from pursuing discovery from defendants.

After these additional submissions were provided, the judge rendered an opinion granting TD Bank and COBA's motion to dismiss. The claims against the other defendants were separately dismissed on later occasions.

Plaintiff appeals, arguing the judge erred in dismissing the complaint by "[f]ail[ing] to give [plaintiff] the benefit of all allegations and favorable inferences," by requiring plaintiff "to prove its case based on an incomplete

6

record as discovery was not complete," and by "convert[ing] the motion to dismiss into a summary judgment motion without advising the parties of its intent to do so." Plaintiff alternatively argues the sufficiency of the pleaded causes of action in its complaint; before addressing the merits of plaintiff's causes of action, we must briefly address plaintiff's procedural concerns, which we share.

The procedure adopted by the trial judge is not recognized by our court rules. To the contrary, it is well-established that a plaintiff is not required to prove its factual allegations at the motion-to-dismiss stage. See, e.g., Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001). TD Bank and COBA, as well as MRP, moved to dismiss the complaint for failure to state a claim upon which relief may be granted under Rule 4:6-2(e). The invocation of that procedure requires a judge to accept the pleader's factual allegations as true and give the pleader the benefit of all reasonable inferences. Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989); Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-50 (App. Div. 2002). The judge, however, placed the burden on plaintiff to prove the truth of its allegations and went so far as to allow defendants to test those allegations through discovery while simultaneously denying plaintiff the opportunity to seek information from

defendants. This procedure was inconsistent with our jurisprudence and should not be repeated.

Other than the additional burdensome litigation the procedure created, the judge found herself back in essentially the same position as when the motion was originally before her. Despite the further inquiries in discovery, and despite whether consideration of what the discovery revealed converted the dismissal motion into a summary judgment motion, the judge remained obligated to view the evidence in the light most favorable to plaintiff. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In considering the issues raised in this appeal, we too are bound by the standards contained in Printing Mart and Brill. See Townsend v. Pierre, 221 N.J. 36, 59 (2015). We therefore start by assuming TD Bank knew of plaintiff's contract with Hovbros when it encumbered the property in an amount beyond the contract price, when it sought foreclosure, and when the property was sold at the sheriff's sale. We also assume Hovbros agreed with plaintiff not to over-encumber the property, that Hovbros nevertheless over-encumbered the property, and, by doing so, Hovbros materially breached its contract with plaintiff. We assume TD Bank knew all this too. Assuming these allegations as

8

true, this appeal requires that we first determine whether plaintiff still has an enforceable interest in the property.

Specifically, we must determine whether TD Bank's assumed knowledge of plaintiff's contract with Hovbros somehow limited the consequence of the foreclosure sale. But for <u>Axelsson</u>, our jurisprudence recognizes no legal impediment to TD Bank's right to have plaintiff's unrecorded rights cut off by the final act in the foreclosure action. <u>Axelsson</u>, of course, is not binding on us and not binding on the trial judge. But we find it important – in light of the few decisions dealing with this subject – to explain why the reported decision in <u>Axelsson</u> should have no further bearing on similarly-situated parties.

<u>Axelsson</u> found significance in a foreclosing party's knowledge of an unrecorded interest on the foreclosed property. 373 N.J. Super. at 196. In <u>Axelsson</u>, the trial judge considered whether a foreclosing bank's purchase at a sheriff's sale extinguished an unrecorded easement burdening the foreclosed property. Based on N.J.S.A. 46:22-1,[4] the judge held that "a document that could

---

[4] N.J.S.A. 46:22-1 stated that "[e]very deed or instrument of the nature or description set forth in section 46:16-2 of this title shall, until duly recorded or lodged for record in the office of the county recording office in which the affected real estate or other property is situate, be void and of no effect against subsequent judgment creditors without notice, and against all subsequent bona fide purchasers and mortgagees for valuable consideration, not having notice

have been recorded but was not is invalid as against any subsequent purchaser or interest holder who takes without knowledge of the unrecorded document," and if the plaintiff "knew of defendants' unrecorded easement when it took its mortgage, N.J.S.A. 46:22-1[5] would validate the unrecorded easement as against the bank." Id. at 190. In so holding, the judge recognized that N.J.S.A. 2A:50-30[6] has been understood as providing a foreclosure-sale purchaser title free of any unrecorded interest, id. at 191, but he was persuaded – in what he discerned

thereof, whose deed shall have been first duly recorded or whose mortgage shall have been first duly recorded or registered; but any such deed or instrument shall be valid and operative although not record, except as against such subsequent judgment creditors, purchasers and mortgagees."

[5] Axelsson relied heavily on N.J.S.A. 46:22-1. That statute has since been repealed, L. 2011, c. 217 (effective May 1, 2012), although similar concepts are contained in the statutes that supplanted it. See N.J.S.A. 46:26A-12.

[6] N.J.S.A. 2A:50-30 states that "[i]n any action for the foreclosure of a mortgage upon real or personal property in this state, all persons claiming an interest in or an encumbrance or lien upon such property, by or through any conveyance, mortgage, assignment, lien or any instrument which, by any provision of law, could be recorded, registered, entered or filed in any public office in this state, and which shall not be so recorded, registered, entered or filed at the time of the filing of the complaint in such action shall be bound by the proceedings in the action so far as such property is concerned, in the same manner as if he had been made a party to and appeared in such action, and the judgment therein had been made against him as one of the defendants therein; but such person, upon causing such conveyance, mortgage, assignment, lien, claim or other instrument to be recorded, registered, entered or filed as provided by law, may apply to be made a party to such action."

was the absence of controlling authority – that "a purchasing mortgagee with knowledge should not emerge from a [sheriff's] sale in a better position with respect to an unrecorded interest than existed prior to the sale," id. at 193.

We appreciate there is little to distinguish between the matter at hand and Axelsson. But we are satisfied the trial judge was mistaken in ruling as he did in Axelsson. Like that case, we accept as true the allegations that TD Bank had knowledge of plaintiff's unrecorded contract with Hovbros, that TD Bank commenced its foreclosure action with that knowledge, that TD Bank was the highest bidder at the sheriff's sale, and that TD Bank contends it was freed by those proceedings of any burden the unrecorded contract between plaintiff and Hovbros may have once posed. Although Axelsson supports plaintiff's position, we conclude its holding – that purchasing property at a foreclosure sale with knowledge of an unrecorded interest does not unencumber the property of that unrecorded interest – is inconsistent with N.J.S.A. 2A:50-30.

First, the Axelsson judge's assessment of our jurisprudence persuaded him that the issue was of first impression. We disagree. In Marcy, the Court of Errors and Appeals considered a case where a party to an unrecorded contract to purchase property, like plaintiff here, asserted that the predecessor to N.J.S.A. 2A:50-30 did not apply to cut off her interest in the property because the

11                                                                    A-4453-19

foreclosing mortgagee, who purchased the property at a sheriff's sale like TD Bank, had prior knowledge of her interest. Vice-Chancellor Leaming found it "immaterial whether the mortgagee in the foreclosure suit had actual or constructive knowledge" of the contract purchaser's interest before foreclosing. 99 N.J. Eq. at 430. According to the vice-chancellor, the contract-purchaser's interest was cut off because title was conveyed free and clear to another by way of the foreclosure sale. Id. at 429-30. The Court of Errors and Appeals affirmed "for the reasons stated" by the vice-chancellor. Id. at 431.

In considering a case more similar to Axelsson, the Court of Errors and Appeals again found a mortgagee's knowledge immaterial in considering whether an unrecorded easement was cut off by a sheriff's sale. See Walter v. Introcaso, 135 N.J.L. 461, 466 (E. & A. 1947).

We conclude – as has this State's leading treatise on the subject – that Axelsson is out of step with Marcy and Walter, both of which remain binding on us, and that Axelsson is out of step with the express terms and the policies underlying N.J.S.A. 2A:50-30. See 30A N.J. Practice, Law of Mortgages with Forms § 31.35, at 364-66 (Myron C. Weinstein) (Supp. 2021). In calculating the reach of the foreclosure sale, Axelsson made the mistake of placing the burden on the foreclosing mortgagee to join known unrecorded interests and not on the

12

unrecorded-interest holder to intervene.[7] We agree with Mr. Weinstein that in enacting N.J.S.A. 2A:50-30, the Legislature

> made a policy decision to penalize holders of unrecorded interests capable of being filed or recorded at time of filing of the foreclosure complaint, and which are not so filed and recorded, in order to protect sheriff's sale purchasers against any liens not disclosed by the public records, placing the burden instead on the unrecorded interest holder to intervene. There would have been no reason for the Legislature to pass N.J.S.A. 2A:50-30 if it wanted the recording acts [of which N.J.S.A. 46:22-1 was part] to be determinative of a foreclosure sale purchaser's rights vis a vis an unrecorded interest holder. That's why the statute was passed: to negate the effect of N.J.S.A. 46:22-1 with respect to unrecorded interests under foreclosure sales.
>
> [Id. at 366.]

---

[7] We also agree with the treatise's conclusion that Axelsson mistakenly distinguished between a third-party purchaser and a foreclosing mortgagee purchaser at a sheriff's sale when the Axelsson judge held that "[a] foreclosing mortgagee who purchases is in a somewhat different situation than a purchasing stranger." Id. at 366. There is nothing in the controlling statute, N.J.S.A. 2A:50-30, that would suggest courts should draw that distinction; moreover, as Mr. Weinstein correctly observed in his treatise, "the foreclosing mortgagee is ordinarily the purchaser at a foreclosure sale in the overwhelming number of instances," so it is extremely unlikely that the Legislature enacted N.J.S.A. 2A:50-30 to provide a benefit to only "a small minority of foreclosure sale purchasers while ignoring the overwhelming number of successful purchasers for the stated purpose of perfecting titles at foreclosure sales." Id. at 363.

The transfer of a sheriff's deed to COBA cut off both Hovbros's right of redemption and plaintiff's unrecorded interest, which derived solely from its contract with Hovbros.

For these reasons, plaintiff's claim to a constructive trust on or any other interest in the property must fail by operation of law. In addition, its claims against Westampton must fail because the redevelopment agreement was conditioned on plaintiff obtaining title to the property. But for the exception to which we will momentarily turn, plaintiff's other claims depend on plaintiff's possessing or obtaining title to the property and were properly dismissed.

We lastly consider whether – having found plaintiff has no continuing interest in the property – plaintiff nevertheless possesses a viable claim against TD Bank for tortiously interfering with either its contract with Hovbros, its contract with Westampton, or both. As a general matter, a party cannot be held liable for tortiously interfering with another's contractual rights when pursuing its own lawful rights. "That which one has a right to do cannot become a tort when it is done." Rothermel v. Int'l Paper Co., 163 N.J. Super. 235, 244 (App. Div. 1978). Absent exceptions not applicable here, this concept has long been recognized. See Kutcher v. Hous. Auth. of Newark, 20 N.J. 181, 188 (1955); Aalfo Co. v. Kinney, 105 N.J.L. 345, 349 (E. & A. 1929); Davis v. Flagg, 35

14

N.J. Eq. 491, 494 (E. & A. 1882); <u>Kopp, Inc. v. United Tech.</u>, 223 N.J. Super. 548, 560 (App. Div. 1988).[8] TD Bank was no more obligated to aid the pursuit of plaintiff's rights than plaintiff was obligated to forebear in the exercise of its rights for the benefit of TD Bank. Plaintiff and TD Bank had no agreement with the other; they were free to pursue their own legal rights and interests in the property regardless of how their actions might impact the other. As unfettered competitors in the marketplace, plaintiff and TD Bank were free to exercise their rights, and the law disposes by allowing the party with the greater legal or equitable interest to prevail. TD Bank lawfully held a mortgage on the property and lawfully pursued and finalized a foreclosure action. Those circumstances eliminated any claim plaintiff may have once had to the property.

That, however, doesn't completely dispose of plaintiff's claim to damages based on its allegation that TD Bank tortiously interfered with its contracts with Hovbros and Westampton. As Chief Justice Weintraub explained, when a party

---

[8] For example, the Court held in <u>Kutcher</u> that a public housing authority owed its tenants due process and could not, like a private landlord, act arbitrarily in pursuing its rights as a landlord. Also, contracting parties are limited in exercising their contractual rights if prohibited by the implied covenant of good faith and fair dealing. <u>See, e.g.</u>, <u>Sons of Thunder v. Borden, Inc.</u>, 148 N.J. 396, 419-20 (1997) (recognizing that in some circumstances the implied covenant will bar a contracting party from exercising its contractual rights). None of these circumstances is present here. TD Bank is not a public entity and had no contractual relationship with plaintiff.

15

acts to pursue its lawful interests and "if the means are fair, the advantage should remain where success has put it." Harris v. Perl, 41 N.J. 455, 461 (1964). But "if there is sharp dealing or overreaching or other conduct below the behavior [of persons] similarly situated," a claim for damages may be pursued, even though the contract was voidable for some other reason. Ibid. The Court recognized this again in Printing Mart-Morristown, 116 N.J. at 750-51, when holding that interference, even in the absence of an enforceable contract, is actionable; the essence of the claim is whether the defendant acted intentionally and with malice in interfering with another's contractual interest.

Plaintiff has not alleged that TD Bank's mortgage interests were not legitimate, and we have shown that the foreclosure proceeding was not defective and resulted in a lawful transfer of title to another. But, while plaintiff's claim for a constructive trust, title, or some other interest in the property cannot be sustained, plaintiff alleged in its sixth count, in so many words, that: TD Bank manipulated its otherwise lawful position with Hovbros and its related entities; this manipulation constituted sharp dealing; and TD Bank's manipulative conduct was designed to interfere with plaintiff's contractual rights with both Hovbros and Westampton. As we have expressed throughout this opinion, plaintiff was deprived of discovery; we must therefore assume its allegations of

TD Bank's manipulations are true and could support an actionable claim for damages. The claim to an interest in the property, however, cannot be pursued by operation of the lawful proceedings that led to the transfer of that property to others.

* * *

The order of dismissal is affirmed in all respects except it is reversed as to plaintiff's claim in the sixth count for damages against TD Bank for tortiously interfering with plaintiff's contracts with Hovbros and Westampton.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4453-19